**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000442
28-JUN-2012
09:36 AM**

NO. CAAP-11-0000442

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ALBERT P. WILLIAMS, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 11-1-0002 (CR. NO. 93-2000))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard, and Reifurth, JJ.)

Petitioner-Appellant Albert P. Williams, also known as Allwyn P. Williams, (Williams), appeals, pro se, from the "Order Denying Petition for Post-Conviction Relief" filed May 13, 2011 in the Circuit Court of the First Circuit[1] (circuit court). The circuit court denied, without a hearing, Williams's "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (Rule 40 Petition). The court found that Williams's claims were "without merit, patently frivolous, and without a trace of support either in the record or from anything submitted by" him.

On appeal, Williams argues that his due process rights were violated when Respondent-Appellee State of Hawai'i (the State) (1) failed to inform him of his right to counsel and/or a

---

[1] The Honorable Michael D. Wilson presided.

preliminary hearing prior to his informal revocation proceedings; (2) failed to inform him of the "procedures for a preliminary hearing, the criteria to be weighed in deliberation, and the rights of the parolee during this process"; and (3) prevented him from presenting witnesses or cross-examining adverse witnesses.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Williams's points of error as follows:

The circuit court did not err in denying Williams's Rule 40 Petition without a hearing.

In his Rule 40 Petition, Williams did not raise claims that his due process rights were violated when the State failed to inform him, prior to the parole revocation hearing, of his right to a preliminary hearing and to counsel. Therefore, those claims were waived. Hawai'i Rules of Penal Procedure Rule 40(a)(3) ("[A]n issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised . . . in a prior proceeding . . . ."); Hawai'i Rules of Appellate Procedure Rule 28(b)(4) (the opening brief shall state "where in the record the alleged error was objected to . . . ").

Even assuming *arguendo* that Williams preserved these claims in raising them in reply to the State, he waived them by pleading guilty at his parole revocation hearing and by not preserving them for appeal in a conditional plea. See Adams v. State, 103 Hawai'i 214, 225, 81 P.3d 394, 405 (2003) (brackets in original, emphasis, block quotation format, and citation omitted). ("[G]enerally, a guilty plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims on appeal, including constitutional challenges to the pretrial proceedings.") Williams does not contend that his guilty plea was anything but voluntary and intelligent.

Williams waived his remaining arguments, as well, when he pled guilty at the revocation hearing.

Therefore,

IT IS HEREBY ORDERED that the "Order Denying Petition for Post-Conviction Relief" filed May 13, 2011 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, June 28, 2012.

On the briefs:

Albert P. Williams
Petitioner-Appellant pro se.

Lisa M. Itomura
Deputy Attorney General
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge